**STATE of Missouri, Respondent,**

v.

**Craig HUGHES, Appellant.**

**Nos. WD 50029, WD 52389.**

Missouri Court of Appeals, Western District.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Andrew W. Schroeder, Asst. Appellant Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Attorney General, Kansas City, for respondent.

SPINDEN, Judge.

Craig Hughes does not challenge the sufficiency of the state's evidence in his conviction of possessing a controlled substance. He

complains that the circuit court erred in sentencing him because it did not orally pronounce him to be a prior or persistent offender before enhancing his sentence as a prior or persistent offender, and he complains that the circuit court erroneously overruled his objection to the state's using peremptory challenges to remove women from the jury panel. He further complains that the circuit court erroneously denied his Rule 29.15 motion for post-conviction relief because he established that his trial attorney did not give him effective representation. We affirm his conviction and the denial of his Rule 29.15 motion.

■ The circuit court sentenced Hughes to a 10-year prison sentence, three years beyond what the General Assembly authorized in § 558.011.1(3), RSMo Supp.1993. Before trial, in response to the state's charges, the circuit court declared Hughes to be "a prior and persistent offender." Hughes complains, however, that at the sentencing hearing the circuit court did not repeat its finding that Hughes was a prior and persistent offender. The circuit court also failed to include the finding in its written sentence until it amended it to correct the omission.

Hughes did not preserve the point for our review. We can review it, if at all, under Rule 30.20(b) as plain error. We decline to review the issue.

■ "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* — U.S. —, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995). In light of the Supreme Court's recent case, *Howard Johnson v. State of Missouri,* 938 S.W.2d 264, 265 (Mo. banc 1997), we do not discern error which facially establishes substantial grounds for believing that manifest injustice has resulted.

In *Johnson,* the Supreme Court instructed that when a circuit court's formal, oral pronouncement of sentence is silent on a particular issue, "nothing prevents an appellate court from examining the entire record to determine [whether] the oral sentence can be unambiguously ascertained." Before trial, the circuit court received evidence on the issue and made its pronouncement that Hughes was a prior and persistent offender. The circuit court was not obligated to repeat at sentencing its previous findings that Hughes was a prior and persistent offender or even to mention those findings during the sentencing hearing. Neither § 558.021, RSMo Supp. 1993, nor § 558.016, RSMo 1986, required any further action by the circuit court after making its finding that Hughes was a prior and persistent offender. We do not discern plain error.

■ Hughes also complains that the circuit court overruled his objection to the state's using peremptory challenges to remove three women from the jury panel. We find no merit to his point. In response to Hughes' objection, the state explained that it used peremptory challenges to remove the women because none of them had responded to any *voir dire* questions. This was a legitimate, gender-neutral explanation. *See State v. Jackson,* 925 S.W.2d 856, 864 (Mo.App. 1996). Moreover, Hughes did not challenge the state's explanation as pretextual; therefore, he failed to carry his burden of showing purposeful discrimination. *Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

■ Concerning his Rule 29.15 motion, Hughes complains that his trial attorney provided him ineffective representation. He points to his attorney's failure to move to strike the entire jury panel or to ask for a curative instruction after one of the venire persons, in response to a *voir dire* question, said he had seen Hughes in the county jail about five or six months before trial. Hughes' attorney did object to the venire person, and the circuit court removed him from the panel. Hughes argues that the venire person's statement indicated to the other panel members that he had been in custody for a crime other than the one with which he was charged.

■ A claim of ineffective assistance of counsel necessarily fails unless the person

making the claim establishes that the attorney's errors and omissions affected the outcome of the trial. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). Even if we were to agree with Hughes that his attorney erred in not moving to strike the venire panel or in not asking for a curative instruction, we do not discern, in light of the evidence presented by the state, that it would have made a difference in the outcome of his trial. Two police officers testified that they saw Hughes drop a bag of crack cocaine as they walked toward him. We reject his point.

For these reasons, we affirm the circuit court's judgment of conviction. We also affirm its denial of his Rule 29.15 motion.

LOWENSTEIN, P.J., and HOWARD, J., concur.