# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3366

_____

| | | |
|---|---|---|
| Eddie Bell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Linda Taylor, Superintendent; | * | |
| Jeremiah Nixon, Attorney General of | * | [UNPUBLISHED] |
| the State of Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 14, 1999
Filed: September 22, 1999

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Eddie Bell was convicted of second degree burglary in Missouri state court and received an enhanced sentence of fifteen years. Although the state trial court found before trial that Bell was a persistent offender and thus subject to an enhanced sentence, see Mo. Rev. Stat. §§ 557.036(4) & 558.016 (1986), the trial court did not restate that finding in the oral sentence or the original written sentencing order. After Bell filed his direct appeal, which was later denied, the trial court amended the written sentencing order to state that "the Court found [Bell], prior to the jury trial, to be a prior

and persistent offender, punishable by sentence to an extended term of imprisonment." Bell twice filed state habeas corpus petitions, but both petitions were summarily denied. Bell then filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, which the district court denied.

On appeal, Bell claims he should not have been sentenced as a persistent offender because the oral pronouncement of sentence and the original written sentencing order did not state Bell was a persistent offender and because the trial court could not properly correct that omission by amending the sentencing order after Bell filed his direct appeal. We disagree. Bell concedes in his brief that "[p]rior to jury trial, the court found Bell to be a prior and persistent offender," (Appellant's Br. at 3), and the record shows the court and the parties understood Bell was and would be sentenced as a persistent offender. Although Missouri law required the trial court to make a specific finding of Bell's persistent offender status, see Mo. Rev. St. § 558.016 (1986), the trial court was not required to restate the pretrial finding at sentencing. See Johnson v. State, 938 S.W.2d 264, 265-66 (Mo. 1997) (en banc) (earlier finding of persistent offender status does not have to be repeated during pronouncement of oral sentence); State v. Hughes, 944 S.W.2d 247, 248 (Mo. Ct. App. 1997) (trial court was "not obligated to repeat at sentencing its previous findings that [Bell] was a prior and persistent offender or even to mention those findings during the sentencing hearing"). In addition, the trial court could amend the written sentencing order to include its finding that Bell was a persistent offender even though Bell's direct appeal had already been filed. Rather than changing Bell's sentence, the amendment was merely a ministerial act clarifying the parties' understanding that the trial court intended to and did sentence Bell on the basis of its finding that Bell was a persistent offender. See State v. Lee, 948 S.W.2d 627, 631 (Mo. Ct. App. 1997).

Having concluded that Bell's claim is based on a technical matter that does not entitle him to relief, we affirm the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.