**Kareem MARTIN, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

**No. ED 96973.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 20, 2012.

Deborah B. Wafer, St. Louis, MO, for Movant/Appellant.

Richard A. Starnes, Jefferson City, MO, for Respondent/Respondent.

## SHERRI B. SULLIVAN, J.

### Introduction

Kareem Martin (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 29.15 (post-conviction motion).[1] We affirm.

### Factual and Procedural Background

In April 2008, the State charged Movant, as a prior and persistent offender, with first-degree robbery, first-degree assault, and two counts of armed criminal action. The evidence presented at trial, viewed in the light most favorable to the verdict, is as follows.

On December 30, 2006, Movant and another man, "Mark," went to Warren Bynum's (Bynum) home to obtain some marijuana for Movant's brother. Bynum invited them into his home. Once inside Movant and Mark pulled out guns and told Bynum they were going to kill him and take what Bynum had. Bynum gave them a metal box with $600 in it but the men did not believe it had anything in it so they threw the box aside. Movant and Mark then took Bynum to the basement and told Bynum that if he tried to run they were going to kill him. They ordered Bynum to get in the corner and then Movant hit Bynum in the face with his gun, breaking Bynum's nose. As Movant and Mark were looking through some clothes, Bynum ran up the basement steps to escape and the men began shooting at him. As he was running up the steps, Bynum was shot in the back. The bullet lodged in Bynum's rib and the impact pushed him into the basement door but Bynum kept running. The men chased Bynum and continued to shoot at him as he ran out the door, around the building, and through the gangway. While fleeing, Bynum was struck with another bullet in his back and a third bullet in his right hand. A man driving by picked Bynum up and took him to St. Louis University Hospital where he underwent surgery.

Bynum testified that he still has a bullet in his right hand, his dominant hand, which affects his ability to use his hand. Bynum testified that as a result of the shot to his hand, he can no longer put his fingers together, his bones are "all messed up," and he has decreased strength and use of the hand. Bynum testified that the shots to his back broke his ribs and punctured both of his lungs and that he continues to have problems with his ribs.

After trial, the jury convicted Movant of first-degree robbery, first-degree assault and two counts of armed criminal action and the court sentenced Movant to four concurrent terms of fifteen years' imprisonment. Movant appealed, and this Court affirmed his conviction. *State v. Martin*, 297 S.W.3d 644 (Mo.App. E.D.2009).

On March 8, 2010, Movant filed his *pro se* post-conviction motion. Movant's appointed counsel filed an amended motion alleging Movant was denied his right to effective assistance of counsel due to (1) appellate counsel's failure to challenge the

---

1. All rule references are to Mo. R.Crim. P.2010.

sufficiency of the evidence supporting the first-degree assault conviction and (2) trial counsel's failure to object to jury instructions, request a lesser included instruction of second-degree assault, and investigate a witness.

On May 20, 2011, the motion court entered its Conclusions of Law and Order denying Movant's post-conviction motion. The court found Movant was not entitled to a hearing because he failed to allege grounds that would entitle him to relief if true and are not refuted by the record. This appeal follows.

### Points Relied On

In his first point, Movant argues the motion court clearly erred in denying, without a hearing, his Rule 29.15 motion because the unrefuted record demonstrates that appellate counsel was ineffective for failing to brief a meritorious point on appeal, that being that there was insufficient evidence to support his conviction for first-degree assault in that the State failed to prove Bynum suffered a serious physical injury.

In his second point, Movant argues the motion court clearly erred in denying, without a hearing, his Rule 29.15 motion because the unrefuted record demonstrates that his trial counsel was ineffective for failing to request a lesser-included, second-degree assault instruction because the evidence showed non-serious physical injury supporting acquittal of the greater offense and conviction of the lesser offense.

In his third point, Movant argues the motion court clearly erred in denying, without a hearing, his Rule 29.15 motion because his post-conviction counsel was ineffective for failing to include in the amended Rule 29.15 motion additional grounds meriting relief, that being that the State made improper arguments during its closing argument and that his trial counsel was ineffective for failing to object to the arguments and to preserve them for review.

### Standard of Review

Appellate review of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *State v. Thompson*, 835 S.W.2d 394, 400 (Mo.App. E.D.1992). The court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves this Court "with a definite and firm impression that a mistake has been made." *Thompson*, 835 S.W.2d at 400.

### Discussion

■ "To warrant an evidentiary hearing, movant's motion must meet three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant." *Grace v. State*, 313 S.W.3d 230, 233 (Mo.App. E.D.2010). To be entitled to post-conviction relief based on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: "1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and 2) counsel's deficient performance prejudiced him." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005), citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have

recognized and asserted it. The claimed error must have been sufficiently serious to create a reasonable probability that, if it were raised, the outcome of the trial would have been different." *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005).

Defense counsel's conduct is presumed to fall within the wide range of professionally reasonable trial strategy. *Smith v. State*, 774 S.W.2d 562, 564 (Mo.App. E.D. 1989). To prove prejudice, a movant must show a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Worthington*, 166 S.W.3d at 573. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 573, quoting *Middleton v. State*, 103 S.W.3d 726, 733 (Mo. banc 2003).

### Point I—Ineffective Assistance of Appellate Counsel

On appeal, Movant contends the State failed to prove he caused Bynum serious physical injury and that a reasonably effective appellate attorney would have challenged the sufficiency of the evidence to support Movant's first-degree assault conviction.

A person commits first-degree assault when he "knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.[2] "Serious physical injury" is defined as a "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body[.]" Section 565.002(6). In this case, the State proved that Bynum suffered several serious physical injuries as a result of Appellant's actions.

Appellant shot Bynum three times, twice in the back and once in the hand. The evidence indicates that Bynum was taken to the hospital, where he required surgery for his injuries. Of the two bullets that hit Bynum's back, one lodged in his rib and the other went through his body. Bynum suffered broken ribs and had two punctured lungs. Clearly, shooting someone twice in the back, puncturing both of the victim's lungs, constitutes causing a physical injury that creates a substantial risk of death.

Furthermore, the State presented sufficient evidence to show that Bynum suffered a protracted loss or impairment. A "protracted loss or impairment" is defined as "'a decrease or diminishing or damaging of an action or ability of the body to do that for which it is intended' that is 'something short of permanent but more than of short duration.'" *State v. Roper*, 136 S.W.3d 891, 897 (Mo.App. W.D.2004), quoting *State v. Norwood*, 8 S.W.3d 242, 246 (Mo.App. W.D.1999). "No minimum degree of trauma is required, provided that the loss or impairment is more than momentary." *Roper*, 136 S.W.3d at 897. Whether a victim sustained a protracted impairment depends on the circumstances of each case. *Id.*

Bynum testified that he was shot once in the right hand, and that the bullet still remained in his hand at the time of trial. Bynum stated that the bones in his hand were "messed up," that his fingers did not "go together anymore" and that he suffered decreased strength and use of his hand. This evidence supports a finding that Bynum suffered from a protracted loss or impairment of his right hand as this part of his body suffered a decreased ability to do that for which it was intended.

In light of the overwhelming evidence presented by the State supporting a finding that Bynum suffered "serious physical

**2.** All statutory references are to RSMo 2006, unless otherwise indicated.

injury," a challenge to the sufficiency of the evidence supporting the conviction on this point is without merit and it cannot be said that appellate counsel was ineffective for failing to raise the issue.

Appellant has failed to demonstrate that his appellate counsel was ineffective for failing to challenge the sufficiency of evidence supporting his conviction for first-degree assault and the motion court did not err in denying Movant's post-conviction motion on this ground. Based on the foregoing, Movant's Point I is denied.

### Point II—Ineffective Assistance of Trial Counsel

"To establish a claim of ineffective assistance of counsel for failure to request a lesser included offense instruction, a movant must show that the evidence would have required submission of a lesser included offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that the movant was thereby prejudiced." *Jackson v. State*, 205 S.W.3d 282, 285 (Mo.App. E.D.2006).

The trial court is not required to instruct on a lesser included offense unless the jury has a basis to acquit of the greater offense and convict of the lesser offense. *State v. Pond*, 131 S.W.3d 792, 793 (Mo. banc 2004). "In order for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser." *Id.*

Again, for a defendant to be found guilty of first-degree assault, the State must show the defendant "attempt[ed] to kill or knowingly cause[d] or attempt[ed] to cause serious physical injury to another person." Section 565.050. Movant argues that his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of second-degree assault because the evidence could have supported a finding that Movant did not intend to, and was not attempting to, kill or knowingly cause or attempt to cause serious physical injury to Bynum.

The motion court denied Movant's claim finding there was no doubt that Movant knowingly caused or attempted to cause serious physical injury to Bynum based on the evidence. We agree.

A defendant's intent is usually proven by circumstantial evidence as direct evidence of intent is rarely available. *State v. Pettit*, 976 S.W.2d 585, 591 (Mo. App. W.D.1998). The jury can infer a defendant's intent from the surrounding facts and the defendant's conduct before, during, and after the act. *State v. Manley*, 223 S.W.3d 887, 891 (Mo.App. W.D. 2007).

Here, Movant and his accomplice threatened to kill Bynum twice while in the apartment and basement. When Bynum fled, they chased Bynum and repeatedly shot at him, striking him three times. It is difficult to imagine how Movant's actions of chasing Bynum while repeatedly discharging a deadly weapon at him can be interpreted as anything other than intentional conduct intended to cause serious physical injury.

Based on the foregoing, we find the motion court did not clearly err in denying Movant post-conviction relief based on trial counsel's decision not to request a second-degree assault instruction. Movant's Point II is denied.

### Point III—Ineffective Assistance of Post–Conviction Counsel

In his final point on appeal, Movant argues that pursuant to *Martinez v. Ryan*,

—— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the motion court erroneously denied his post-conviction motion because his post-conviction counsel failed to include all grounds meriting relief in the amended motion and, thus, Movant was denied the effective assistance of post-conviction counsel. Movant argues that but for post-conviction counsel's failure to raise additional grounds of relief, the outcome of the post-conviction proceeding would have been different.

In *Martinez*, a federal habeas corpus petitioner sought to excuse his procedural default of a claim for ineffective assistance of trial counsel based upon his post-conviction counsel's alleged ineffective assistance for failing to raise the claim in his initial post-conviction proceeding. *Id.* at 1314–15. Martinez, pursuant to state law, was unable to bring an ineffective assistance of trial counsel claim on direct appeal and was required to raise the claim in a post-conviction proceeding where the provision of counsel is not constitutionally required. *Id.* at 1314. Based upon these facts, the United States Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish "cause" for a federal habeas corpus petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1315.

Movant acknowledges that *Martinez*'s narrow, specific holding concerns only federal habeas corpus procedure and relief but argues that the Court's finding that a "prisoner likely needs an effective attorney" to present a claim of ineffective assistance of trial counsel in accordance with the State's initial-review collateral proceedings creates an implication that claims of ineffective post-conviction counsel may be remanded from federal court to the state court for initial review and hearing. Movant essentially argues that, in the interest of judicial economy, this Court should either address the merits of Movant's additional previously unraised claims of ineffective assistance of trial and appellate counsel or, in the alternative, remand the cause to the motion court for an evidentiary hearing and adjudication of the claims.

Rule 29.15 provides the exclusive procedure by which a person convicted of a felony may seek relief for certain claims, including claims of ineffective assistance of trial and appellate counsel. Rule 29.15(a). Rule 29.15 specifically provides that these claims of relief are to be brought *in the sentencing court.* Rule 29.15(a).

On appeal from a denial of post-conviction relief, the purview of this Court, as a court of review, is limited to a determination of whether the findings of fact and conclusions of law rendered by the motion court are clearly erroneous. Rule 29.15(k); *Thompson*, 835 S.W.2d at 400. Any claims that are not included in the post-conviction motion before the motion court are not preserved for appellate review. *Logan v. State*, 377 S.W.3d 623, 626–27 (Mo.App. W.D.2012). Movant cites to no precedent for the proposition that this Court may circumvent the procedural restrictions of Rule 29.15 and adjudicate new, previously unraised post-conviction claims.

Furthermore, Missouri courts have consistently refused to recognize a right to the effective assistance of post-conviction counsel, stating that such claims are categorically unreviewable. *Gehrke v. State*, 280 S.W.3d 54, 58 (Mo. banc 2009); *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004).

*Martinez* speaks only to federal habeas corpus procedure and does not establish a constitutional right to the effective assistance of post-conviction counsel. *Id.* at

1320. In fact, the *Martinez* court specifically states that it is not resolving the question of whether a prisoner has a constitutional right to post-conviction counsel. *Id.* at 1315.

Nothing in *Martinez* directly affects Missouri's longstanding principle that a petitioner does not have a constitutional right to the effective assistance of post-conviction counsel and we decline Movant's invitation to substantially alter Missouri law pursuant to his strained reading of the *Martinez* holding. Our decision is consistent with those of both the Southern District and Western District, on claims similar to Movant's. See *Yarberry v. State*, 372 S.W.3d 568 (Mo.App. S.D.2012) and *Logan*, 377 S.W.3d 623. Movant's Point III is denied.

*Conclusion*

The judgment of the motion court is affirmed.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.