

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| JERRY A. RUTLIN, | ) | No. ED100126 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | |
| | ) | Honorable Sandra Martinez Levy |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 30, 2014 |

### Introduction

Jerry Rutlin (Movant) appeals the trial court's judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant claims the motion court clearly erred in denying post-conviction relief based on his claims that: (1) his trial counsel was ineffective for failing to call Movant's former cellmate to testify at trial; and (2) appellate counsel was ineffective for failing to raise a claim on appeal that the trial court plainly erred in prohibiting the defense from implicating Movant's cellmate during closing arguments. We affirm.

### Factual Background

In 2009, Movant was an inmate at the Eastern Reception Diagnostic and Correctional Center.[1] On June 1, 2009, Movant moved into a new cell that was also

---

[1] The record indicates that Movant has been incarcerated since 1998 for convictions of first-degree robbery, tampering, and possession of a controlled substance. While incarcerated, Movant was convicted on

1

occupied by Reginald Parker. On that same day, corrections officers inspected Movant's cell in his presence. The inspection revealed no contraband. Prior to Movant's occupancy, the cell was inspected on May 19, 2009 and on May 27, 2009, and no contraband was found. On June 7, 2009, corrections officers David Wallace and Joshua Browers conducted a random search of Movant's cell. During the search, Wallace discovered a prison-made weapon under the mattress assigned to Movant. The weapon was hidden under clothing with Movant's name and Department of Corrections number. The weapon was a razor handle with a razor blade melted into the end of it. Wallace secured the weapon and completed the search.

Movant was charged with the class B felony of concealing a weapon on the premises of a correctional facility, in violation of § 217.360, RSMo (Supp. 2003).[2] The case was tried to a jury. At a pre-trial hearing on a motion *in limine* filed by the State, the State requested that the defense be prohibited from eliciting testimony aimed at incriminating either Parker or Cedric Clerk, a fellow inmate who had previously occupied the cell. Defense counsel indicated that Clerk would testify that when he was transferred out of the cell into a segregated unit of the facility, that he left behind a weapon under his bunk. Counsel argued that Clerk's testimony would be relevant to refute the "knowledge" element of the charged offense to show that Movant did not "knowingly" possess or conceal the weapon found in his cell. After hearing arguments, the trial court agreed to allow Clerk to testify but sustained the motion with regard to prohibiting the

---

separate counts of possession of a controlled substance in 2001 and 2004, respectively. In 2003, Movant was convicted of unlawful use of a weapon at a correctional facility.

[2] Pursuant to § 217.360.1(4), "[i]t shall be an offense for any person to knowingly . . . have in his possession, deposit or conceal in or about the premises of any correctional center . . . (4) Any gun, knife, weapon, or other article or item of personal property that may be used in such manner as to endanger the safety or security of the correctional center or as to endanger the life or limb of any offender or employee of such a center."

defense from attempting to implicate Parker absent any evidence directly connecting him to the weapon.

At trial, Clerk testified that he was serving two life sentences without the possibility of parole and that he had previously occupied Movant's cell. Clerk said that he and Movant had been friends for several years while incarcerated and that Movant had asked him to testify on his behalf. Clerk indicated that when he moved out of the cell on or around May 29, 2009, he left behind a weapon beneath some clothes under his bunk. He described the weapon he left as a razor blade attached to the handle of a black comb.

Movant testified in his own defense. While admitting that correctional officers found a weapon in his cell, Movant testified that he was "set-up," that the weapon did not belong to him, and that he did not know to whom the weapon belonged.[3] Movant indicated that if he had hidden a weapon, it would not have been found. Movant said that he asked Clerk if he had left "something in that cell" when he moved out and that Clerk indicated that he had left a weapon in the cell. Movant admitted that his cell had been inspected on June 1, 2009 and no weapon was found. The jury found Movant guilty of the charged offense and he was sentenced, as a prior and persistent offender, to life imprisonment. Movant filed a motion for new trial, which was denied. At the sentencing hearing, Movant indicated that while he had some issues to raise on appeal, he was otherwise satisfied with counsel's services. On direct appeal, this Court affirmed his conviction and sentence in a *per curiam* order and memorandum in *State v. Rutlin*, 383 S.W.3d 63 (Mo. App. E.D. 2012).

---

[3] After initially claiming the prison guards planted the weapon in his cell, Movant later admitted this was untrue.

Movant subsequently filed a Rule 29.15 *pro se* motion for post-conviction relief. An amended motion was filed by appointed counsel alleging ineffective assistance of both trial counsel and appellate counsel.[4] In June 2013, the motion court issued its judgment denying post-conviction relief without an evidentiary hearing. Movant appeals.

## Standard of Review

Appellate review of the denial of a motion for post-conviction relief is limited to a determination as to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). A judgment is clearly erroneous when there is a definite and firm impression that a mistake has been made after reviewing the entire record. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). The trial court's ruling on a post-conviction motion is presumed correct. *Id.*

"There is a strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *White v. State*, 939 S.W.2d 887, 895 (Mo. banc 1997). To prove ineffective assistance of counsel, the movant must show that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that he was thereby prejudiced. *Glass v. State*, 227 S.W.3d 463, 468 (Mo. banc 2007). To demonstrate prejudice, the movant show that absent the claimed errors, there is a reasonable probability that the outcome of the trial would have been different. *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009). Movant must overcome the strong presumption that counsel's performance was reasonable and effective. *Bradley v. State*, 292 S.W.3d 561, 564 (Mo. App. E.D. 2009).

---

[4] Although the record indicates that Movant's amended motion was untimely filed by one day, a remand to the motion court on this basis would serve no purpose beyond delay in light of the fact that the record does not indicate that Movant caused the delay and the motion court ruled on the claims raised in the amended motion. *See State v. Kelley*, 901 S.W.2d 193, 204 (Mo. App. W.D. 1995).

**Discussion**

*Point I: Failure to Call a Witness*

In his first point, Movant contends that the motion court erred in denying his post-conviction motion without an evidentiary hearing because he alleged unrefuted facts that would have entitled him to post-conviction relief. Specifically, Movant argues that his trial counsel was ineffective for failing to investigate and call his former cellmate, Reginald Parker, to testify at trial. Movant claims that Parker's testimony would have revealed "his strong motive and opportunity to plant a weapon" under Movant's bunk. Movant asserts that Parker would have testified that he resided in the cell with Movant, that he was an eyewitness to the search, and that he did not believe the search was random. Movant maintains that without Parker's testimony, he was unable to present a complete defense by establishing all of the relevant circumstances, and as a result, the jury was left with an "incomplete context" for his case. Movant claims that defense counsel's failure to call Parker to testify was unreasonable because he was the "only other person assigned to the cell where the weapon was found."

The motion court is not required to grant an evidentiary hearing unless: (1) the movant alleges facts, not conclusions, which if true, would entitle movant to relief; (2) the facts alleged are not refuted by record; and (3) the matters complained of prejudiced movant. *State v. Ferguson*, 20 S.W.3d 485, 503 (Mo. banc 2000). To warrant a hearing on a claim that defense counsel was ineffective for failing to call a witness to testify, the movant must allege: (1) the identity of the witness; (2) what the witness's testimony would have been; (3) that counsel was informed of the witness's existence; and (4) the witness was available and would have testified. *State v. Simmons*, 875 S.W.2d 919, 923

5

(Mo. App. W.D. 1994). Movant must also show that the witness's testimony would have provided a viable defense. *Glass*, 227 S.W.3d at 468. "Failure to interview a witness is rarely sufficient to support a claim of ineffective assistance of counsel." *Teaster v. State*, 29 S.W.3d 858, 860 (Mo. App. S.D. 2000). Trial counsel's decision not to call a witness to testify is presumptively a matter of trial strategy and will not support a claim of ineffectiveness unless the movant clearly establishes otherwise. *Whited v. State*, 196 S.W.3d 79, 82 (Mo. App. E.D. 2006).

The burden is on the movant to plead unrefuted facts establishing not only who the witness is, but also what the witness would testify to, if called, and that the witness's testimony would provide a viable defense. *White*, 939 S.W.2d at 896. Where the proposed testimony would merely have impeached the State's witnesses, relief on a claim of ineffective assistance of counsel is not warranted. *McClendon v. State*, 247 S.W.3d 549, 556 (Mo. App. E.D. 2007). Further, "neither the failure to call a witness nor the failure to impeach a witness will constitute ineffective assistance of counsel unless such action would have provided a viable defense or changed the outcome of the trial." *State v. Ferguson*, 20 S.W.3d 485, 506 (Mo. banc 2000).

"An evidentiary hearing is not a means by which to provide movant with an opportunity to produce facts not alleged in the motion." *Brooks*, 960 S.W.2d at 497. Here, the amended motion does not allege that Parker was available to testify or that he would have testified. Nor does the motion allege that Parker's testimony would have established that Movant did not commit the crime. Rather, Movant merely alleged that Parker's testimony would have "added context to Movant's defense" by establishing the relevant circumstances. Specifically, Movant asserts that it is "expected" that Parker

6

would testify that he shared a cell with Movant, that he had informed on other inmates in the past, that he had been convicted of child molestation, that he knew how to hide and plant a weapon, that the weapon belonged to someone else, that the cell search was not random, and that he knew the guards were going to search the cell prior to doing so. Movant also alleged that he informed his attorney that he did not know who placed the weapon under his bunk, that he did not get along with Parker, that Parker had complete access to all areas of his cell, and that Parker could testify about the "numerous times that their shared cell was open and accessible to other inmates and guards."

It is clear from the record of the pre-trial hearing on the State's motion *in limine* that defense counsel did not intend to call Parker as a witness. Instead, defense counsel asserted that he planned to call Clerk as a witness to testify that he left the weapon in Movant's cell when he transferred into a segregated unit of the facility. Counsel argued that Clerk's testimony would be relevant to "refute" the knowledge element of the charged offense in order to show that Movant did not "knowingly" possess or conceal a weapon. Although counsel indicated that he wanted to show that Parker had access to the area where the weapon was found, he did not indicate that he planned to call Parker as a witness. This was apparent when asked by the trial court whether Parker would be testifying that he knew about or planted the weapon, and defense counsel replied, "No."

The trial court's ruling specifically prohibited the defense from implicating Parker at trial in the absence of sufficient evidence directly connecting him to the weapon. Counsel acknowledged that the defense did not have such evidence. Given the lack of evidence connecting Parker to the crime as well as the trial court's ruling prohibiting the

7

defense from otherwise implicating Parker, we are unable to conclude that counsel's decision not to call Parker to testify was unreasonable.

In any event, Movant fails to show that he was prejudiced. In the absence of allegations that a witness's testimony would have provided a viable defense, the movant fails to demonstrate prejudice. *See State v. Gollaher*, 905 S.W.2d 542, 548 (Mo. App. E.D. 1995). Where a witness's testimony would not unqualifiedly support the defense, counsel's decision not to call the witness does not constitute ineffective assistance. *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. banc 1995).

Although Movant maintains that Parker's testimony would have "reasonably changed the outcome" of the trial, he fails to explain how the proffered testimony would have provided a viable defense. Movant did not allege that the testimony would have established that Movant did not commit the crime, nor does Movant claim that Parker would have testified that he planted the weapon under Movant's bunk. To the contrary, in his brief, Movant asserts that Parker would probably testify that he did *not* plant the weapon.

Moreover, much of the information that Movant contends that Parker would have provided was either already in evidence or refuted by the record. For instance, the jury was well aware that Movant had a cellmate named Parker. During his opening statement, defense counsel specifically stated that the cell was occupied by both Movant and Parker. Counsel also said that a "routine cell search" was done and that the weapon was found under Movant's bunk and that Parker's property was not searched. Officer Wallace testified that both Parker and Movant occupied the cell where the weapon was found. Wallace also said the search was random and that he did not receive a tip. Movant

8

testified that Parker had access to the entire cell. Movant's assertion that Parker would have testified that the search was "not random" is purely conclusory and contrary to testimony by the correctional officers who performed the cell search as well as defense counsel's opening remarks to the jury. Additionally, Movant's assertion that Parker was "present when the search was conducted" and that he would have testified that he was an "eyewitness to the search" is directly refuted by the record. Officer Wallace testified that prior to a cell search by correctional officials, the inmates are instructed to exit the cell, then directed to wait in another area of the facility, so they are not present during the search.

In denying this claim, the motion court found that Movant presented no basis to show that Parker would have incriminated himself or provided testimony to absolve Movant. The court further found that trial counsel could not be deemed ineffective for failing to call a witness "solely to impeach or rebut the State's evidence" and that relief was not warranted without facts to establish a defense. We agree. In the absence of specific allegations that Parker's testimony would have provided a viable defense, Movant has failed to demonstrate that he was prejudiced. *See Gollaher*, 905 S.W.2d at 548. The motion court did not clearly err in denying this claim. Point I is denied.

### *Point II: Ineffective Assistance of Appellate Counsel*

In his second point, Movant contends that his appellate counsel was ineffective for failing to raise a claim on direct appeal regarding the trial court's pre-trial ruling on the State's motion *in limine*. Specifically, Movant complains that appellate counsel should have challenged the trial court's ruling prohibiting the defense from arguing that Parker "may have had something to do with the weapon." Movant claims that had

9

appellate counsel raised this issue on direct appeal, there is a reasonable probability that his conviction would have been reversed and remanded for a new trial. We disagree.

"To support a Rule 29.15 motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Moss v. State*, 10 S.W.3d 508, 514 (Mo. banc 2000). Movant must also show that "the claimed error was sufficiently serious to create a reasonable probability that, if it was raised, the outcome of the appeal would have been different." *Anderson v. State*, 196 S.W.3d 28, 36 (Mo. banc 2006). Where the alleged error was not preserved, the right to relief based on ineffective assistance of appellate counsel tracks the plain error rule. *Id*. That is, the alleged error by appellate counsel must be so substantial as to amount to a manifest injustice or a miscarriage of justice. *Id*.

Movant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *Holman v. State*, 88 S.W.3d 105, 110 (Mo. App. E.D. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Appellate counsel has no duty to present every issue asserted in a motion for new trial, nor is counsel required to raise claims based on unpreserved issues that could only be considered for plain error. *See, e.g., Holman*, 88 S.W.3d at 110; *see also Helmig v. State*, 42 S.W.3d 658, 682 (Mo. App. E.D. 2001).

As the State correctly points out, a trial court's ruling on a motion *in limine* preserves nothing for review unless objections are made at the appropriate time during

10

the case. *State v. Copeland*, 928 S.W.2d 828, 848 (Mo. banc 1996); *State v. Gray*, 812 S.W.2d 935, 939 (Mo. App. S.D. 1991). To preserve such an issue for review, where an objection has been sustained on a motion *in limine*, an offer of proof must be made at trial. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 646 (Mo. banc 1997). This was not done here. Nor was the claim included in Movant's motion for new trial. Therefore, the alleged error, which Movant now claims should have been raised on appeal, was not preserved for appellate review. Because the claim was not preserved for appellate review, it would have been necessary for appellate counsel to argue the issue under the plain error standard. As plain error review is discretionary, Movant fails to show that this Court would have considered the claim. *See State v. Tisius*, 92 S.W.3d 751, 767 (Mo. banc 2002). In any event, counsel cannot be deemed ineffective for failing to raise an unpreserved claim of error on appeal. *See Holman*, 88 S.W.3d at 110.

Even assuming *arguendo*, that appellate counsel had raised this claim on appeal, Movant fails to demonstrate that the outcome would have been different. *See Anderson*, 196 S.W.3d at 36. It is well-settled that during closing arguments, "[a] party may argue inferences justified by the evidence, but not inferences unsupported by the facts." *State v. Forrest*, 183 S.W.3d 218, 226 (Mo. banc 2006) (quoting *State v. Barton*, 936 S.W.2d 781, 783 (Mo. banc 1996)). Movant's assertion that the evidence was sufficient for the defense to suggest during closing arguments that Parker may have played a role in concealing the weapon is based primarily on Clerk's testimony that he left a weapon in the cell, and that during a brief period of time, Parker was the sole occupant with exclusive control of the cell. In sustaining the State's motion *in limine*, it is clear from the record that the trial court did not believe there was sufficient evidence connecting

11

Parker to the weapon found under Movant's bunk, as reflected by the following exchange at the pre-trial hearing:

> THE COURT: But with respect to Mr. Parker, what evidence other than speculation do you have that he found this weapon? Is there anyone who is going to testify that Parker knew the weapon was there, that Parker saw the weapon, that he had – or is it just pure and total speculation that because he was in the cell he must have been the one that found it and then put it under the defendant's bed? I mean, is there something else? I think the State said we don't know if you have other, and if you do, of course, that would change, but my question to you is what else do you have with respect to Mr. Parker other than Clerk saying he had a weapon, it was there when he left, Parker came in and we must speculate that he must have been the one that put it there?

> [DEFENSE COUNSEL]: We don't have anything else right now, Judge.

> *        *        *

> THE COURT: [T]he case law is very, very clear and states that you have to have some act that directly ties this person. . . . Even if we had something that says that Mr. Parker pulled out the knife or the weapon and looked at it, or he knew it was there, there's got to be something that ties Mr. Parker to this hand-made weapon, or some awareness of it. It can't just be speculation that I left a knife there and Parker was there so it must have been Parker[.]

In denying this claim, the motion court found that Movant was properly precluded from casting suspicion on Parker because there was no evidence connecting Parker to the weapon found under Movant's bunk. The motion court further found that Movant failed to allege any "new or overlooked evidence" sufficient to connect Parker to the weapon.

The trial court cannot be convicted of abusing its discretion in confining closing arguments to inferences supported by the evidence. *See State v. Dickson*, 337 S.W.3d 733, 742 (Mo. App. S.D. 2011). Here, the record reveals no conclusive evidence to establish that Parker knew about the weapon, or that he held onto the weapon purportedly left behind by Clerk, or that it was even the same weapon, much less that he concealed

12

the weapon from prison officials and then planted it under Movant's bunk. The description of the weapon allegedly left behind by Clerk was not entirely consistent with the weapon found under Movant's bunk. Moreover, the record shows that no weapons were found during the two previous cell searches, nor during the inspection of Movant's cell on the day he moved in.

Without sufficient evidence, Movant's bare assertions that Parker may have "played a role" and "may have had something to do with the weapon" are purely speculative. Evidence that merely casts suspicion upon another person or raises a conjectural inference that someone else may have committed the crime in question is inadmissible. *State v. Brown*, 916 S.W.2d 420, 423 (Mo. App. E.D. 1996). Here, the motion court's ruling is supported by the lack of evidence connecting Parker to the weapon. Counsel cannot be deemed ineffective for failing to challenge the trial court's decision to preclude the defense from implicating another person absent proof of some act directly connecting the person to the crime. *See State v. Davidson*, 982 S.W.2d 238, 242 (Mo. banc 1998). Accordingly, the motion court did not clearly err in denying this claim. Point II is denied.

### Conclusion

For the foregoing reasons, the motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.