

# Missouri Court of Appeals

### Southern District

#### Division Two

ROBERT DAVID NELSON,      )
                        )
      Movant-Appellant,      )
                        )
v.                          )      No. SD33483
                        )
STATE OF MISSOURI,      )      **Filed: June 10, 2015**
                        )
      Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable John S. Waters, Associate Circuit Judge

## AFFIRMED

Robert David Nelson ("Movant") appeals the motion court's order denying his Rule 29.15 post-conviction motion without conducting an evidentiary hearing.[1] Movant, who claims his trial counsel was ineffective for failing to call certain witnesses at trial, asserts he was entitled to an evidentiary hearing on his claim because: (1) he pleaded factual allegations that, if proven, would warrant relief; and (2) the pleaded factual allegations were not refuted by the record. Because Movant failed to satisfy the second requirement, we affirm.

---

[1] All rule references are to Missouri Court Rules (2015).

## Facts and Procedural Background

A jury found Movant guilty of two counts of first-degree child molestation, *see* section 566.067, RSMo 2000, and Movant was sentenced to serve consecutive, ten-year sentences on each count. Movant's primary defense at trial was that the victim ("Victim") had fabricated the allegations against him. In an attempt to "assist" his trial counsel, Movant personally argued in support of various pre-trial motions to the trial court. Among other things, Movant claimed his case should be dismissed because delays by the State had made several witnesses unavailable.

Specifically, Movant claimed:

> The record will also indicate that a biological aunt of [Victim] has specifically called, on her own initiative, the Investigator Brian Bailey, and specifically told him that she believed [Victim] was lying. She's not available. . . . They're not – they're out of state. They're nowhere to be found. We've made every attempt to find these people, and we're not having any luck, anymore.
> . . . .
> Antonio Isaiahis [sic] was approximately 14 years old at the time, and he specifically said that [Victim] was lying and that there was multiple things that came out over there and that it all started transcending down to one alleged incident. He said that she was lying. He's no longer available. He was later convicted of a felony. He's not credible. According to my attorney, he's not credible as a witness anymore because of that. He was not a convicted felon at the time. He's no longer available.

This Court affirmed Movant's convictions on direct appeal in an unpublished order and statement.

Movant's timely amended Rule 29.15 motion[2] ("the motion") listed six potential witnesses that Movant alleges were not contacted by trial counsel or called as witnesses

---

[2] Movant's *pro se* motion and appointed counsel's amended motion were both timely filed. Following the April 19, 2012 mandate issued in Movant's direct appeal, Movant filed his *pro se* motion on May 17, 2012, which was within 90 days as required by Rule 29.15(b). Counsel was appointed on May 25, 2012 and was initially given a 60-day extension to file an amended motion. Counsel received a second extension and was given until

despite their availability to testify. Although six were mentioned, the motion asserted specific details about such testimony for only two of them, Antonio Isaas and Laura Mitchell. Concerning these two individuals, Movant pleaded:

> Antonio Isaas, the son of Ann Galena worked for Movant in his moving business. Movant had assisted Ms. Galena by allowing her to use a cell phone. When Ms. Galena ran up several hundred dollars in bills an issue arose with assistance in his business. She gathered the family together and from that meeting the allegations arose against Movant. Ms. Galena is the aunt of [Victim], the alleged victim. Ms. Galena, upon questioning [Victim] precipitated the false allegations. Mr. Isaas witnessed this and was willing to testify that [Victim] was manipulated into fabricating the story, even to the extent that the times were changed when it was realized Movant was not available to have committed the alleged acts, when first offered.
> Laura Mitchell went so far as to contact the detective investigating the case, informing that the allegations had been fabricated, explaining the circumstances as set out above.

The motion court summarized Movant's motion as alleging that "the testimony provided would have been that the State's witness, Ann Galena, precipitated false allegations and manipulated [Victim] into telling a false story." Based upon this characterization, the motion court concluded that "Movant's allegations amount to character evidence which may have not been admissible at trial and would have not provided a viable defense to the charges of child molestation in the first degree."

**Standard of Review and Governing Law**

The motion court's findings and conclusions are presumed correct, *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991), and we will reverse only if they are clearly erroneous. Rule 29.15(k); *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). In addition, we will not reverse the motion court if it reached the right result, even if its stated reason was incorrect. *Branson v. State*, 145 S.W.3d 57, 58 (Mo. App. S.D. 2004).

August 23, 2012 to file an amended motion. Counsel filed the amended motion on August 22, 2012, which was within the 90-day total limit required under Rule 29.15(g).

3

An evidentiary hearing is required if the motion meets three requirements: "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters of which movant complains must have resulted in prejudice." *Morrow*, 21 S.W.3d at 823. As a result, Movant is not entitled to an evidentiary hearing if "the motion and the files and records of the case conclusively show that movant is entitled to no relief[.]" Rule 29.15(h).

In relation to a claim that trial counsel was ineffective for failing to call a particular witness to testify, Movant must plead: "(1) the identity of the witness; (2) what the witness's testimony would have been; (3) that counsel was informed of the witness's existence; *and* (*4*) *the witness was available and would have testified*." ***Rutlin v. State***, 435 S.W.3d 126, 131 (Mo. App. E.D. 2014) (emphasis added).

### Analysis

We begin by noting that the motion court's stated reasons for denying relief were incorrect. First, its summarization of Movant's claim as an attempt to bring character evidence against the State's witness, Ann Galena, was factually incorrect. Ann Galena did not testify at trial, and the motion did not allege that she did. Second, the motion court prematurely concluded that the proposed testimony would have constituted inadmissible character evidence. Even if we assume that the asserted testimony would have been offered to impeach another witness, there are many appropriate means by which that task may be accomplished. *See* ***Mitchell v. Kardesch***, 313 S.W.3d 667, 675 (Mo. banc 2010).

To assume at this point in the proceedings that Movant could not have laid a foundation to use the proffered testimony for impeachment purposes was premature at best. More importantly, the motion court incorrectly concluded that the testimony of two

4

witnesses alleged to have witnessed the allegations being fabricated would not have provided Movant with a viable defense.

Nevertheless, we need not reverse the motion court's denial of an evidentiary hearing because Movant's claim that Laura Mitchell and Antonio Isaas were available to testify at trial is refuted by the record. *See Morrow*, 21 S.W.3d at 823. Ironically, it was Movant's own words, spoken in support of his pre-trial motion to dismiss, that indicated these two witnesses were not available to testify at the time of Movant's trial.

Because Movant's claim was refuted by the record, his point fails. The motion court's denial of an evidentiary hearing is affirmed.[3]

DON E. BURRELL, J. - OPINION AUTHOR

MARY W. SHEFFIELD, P.J. - CONCURS

NANCY STEFFEN RAHMEYER, J. - CONCURS

---

[3] As Movant correctly notes in his brief (citing **Garner v. State**, 144 S.W.3d 926, 930 (Mo. App. S.D. 2004)), "[t]he issue in this case is whether the motion court erred in refusing to grant [Movant] an evidentiary hearing on his Rule 29.15 motion, not whether [Movant] is entitled to relief." And because Movant identified "what the witness's testimony would have been" for only these two witnesses, he was not entitled to an evidentiary hearing in regard to the other four witnesses identified in the motion. **Rutlin**, 435 S.W.3d at 131.