

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ANTHONY CLAY, | ) | No. ED101831 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1222-CC01953 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Grady |
| | ) | |
| Respondent. | ) | Filed:  September 1, 2015 |

Anthony Clay ("Movant") appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing.  We affirm.

### I.      BACKGROUND

Movant was charged with and convicted of ten sexual offenses where his stepdaughter was the victim ("Victim").  Those offenses consisted of three counts of first-degree statutory rape, three counts of first-degree statutory sodomy, two counts of first-degree child molestation, one count of second-degree statutory sodomy, and one count of incest.

### A.      The Evidence Adduced at Trial

The following evidence was adduced at Movant's jury trial.  Movant and Victim's mother married in May 2000, when Victim was about six years old.  The family lived at a residence on Royal Drive in St. Louis County and then moved to a residence on Lotus Street in

---

[1] All references to Rules are to Missouri Supreme Court Rules (2014).

the City of St. Louis. Victim's mother frequently worked and was not at the family residence when Victim came home from school. Movant, who did not work most of the time, performed the child-care duties in the family household, and he would usually be at the family residence when Victim came home from school.

Movant and Victim's mother frequently fought and broke up, and Movant would move out of the family residence for periods of time after the fights. At one point, Movant and Victim's mother had a longer breakup, and Movant moved to an apartment in the Baden area. Victim and her mother moved into the apartment with Movant for about a week when the power was out at the family residence on Lotus Street. Other times, Victim would go to Movant's apartment to visit him and would sometimes spend the night there.

Victim testified that Movant's sexual assaults began around 2003, when Victim was about nine years old, and continued until about 2009. Victim also testified the sexual assaults occurred at the two family residences on Royal Drive and Lotus Street and at Movant's apartment. The assaults included the touching of Victim's breasts, buttocks, and genitals with Movant's hand or penis, oral sex performed by Victim on Movant, oral sex performed by Movant on Victim, and sexual intercourse.

Victim disclosed the sexual assaults to her mother in 2009, after Victim's mother and Movant ended their relationship. One night, Victim's mother became upset with Victim over a "hickey" on Victim's neck. Victim and her mother went to bed, and in the middle of the night, Victim, who was crying, woke her mother up and told her Movant had been "doing it with me." Victim testified at trial she had been scared to tell her mother before that night because Victim thought her mother would have been mad and because Victim was embarrassed. Victim denied

making up the allegations against Movant to get out of trouble for coming home with a hickey or to get Movant in trouble.

After Victim told her mother that Movant had sexually assaulted her, Victim's mother contacted the police. The State subsequently charged Movant with the crimes at issue in this case. Movant testified at trial and denied sexually assaulting Victim.

**B.      Relevant Procedural Posture**

After hearing the evidence at trial, the jury found Movant guilty of ten sexual offenses. The trial court entered a judgment in accordance with the jury's verdict and sentenced Movant to a total of twenty-five years of imprisonment. Movant then filed a direct appeal. This Court affirmed his convictions and sentences in *State v. Clay*, 359 S.W.3d 537 (Mo. App. E.D. 2012), with the mandate being issued on March 15, 2012.

Movant timely filed a pro se Rule 29.15 motion for post-conviction relief on April 19, 2012,[2] and the motion court appointed post-conviction counsel for Movant on August 6, 2012. Post-conviction counsel filed a request for a thirty-day extension of time to file Movant's amended motion for post-conviction relief, which the trial court granted.

Subsequently, post-conviction counsel filed an amended Rule 29.15 motion. The file stamp on Movant's amended Rule 29.15 motion shows the motion was filed on November 5, 2012; however, the docket sheet reflects Movant's amended motion was not filed until June 20, 2014.

Movant's amended Rule 29.15 motion alleged his trial counsel was ineffective for failing to call three of Movant's siblings, Dolores Brown, Marilyn Dunn, and Ernest Hayes, as witnesses

---

[2] Movant's pro se Rule 29.15 motion was filed thirty-five days after our Court issued the mandate in Movant's direct appeal. Therefore, Movant's pro se motion was filed within the ninety-day time limit set forth in Rule 29.15(b). *See* Rule 29.15(b) (providing that "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence").

at trial. Movant alleged he told trial counsel about the witnesses and "[a]ll three witnesses would have testified as to two things: (1) the contentious relationship between [Movant] and [Victim's] mother, and (2) that [Movant] left his relationship with [Victim's] mother for very long periods of time through the years they were together." Movant also alleged in his amended Rule 29.15 motion that his defense at trial was Victim made up the allegations against Movant because Victim was in trouble with her mother for coming home with a hickey. Movant contended his siblings' alleged testimony would have helped his defense because, (1) "the jury would have understood [Victim's] mother's personality, and that would have explained why [Victim] would have [lied about the sexual assaults]"; and (2) "[t]he witnesses would have made it clear that [Movant] was not in the home with [Victim] on a regular enough basis to have habitually molested her."

The motion court entered a judgment denying Movant's Rule 29.15 motion without an evidentiary hearing. The motion court found Movant was not entitled to relief because Movant's siblings' alleged testimony would have been cumulative to evidence presented at trial and would not have provided Movant with a viable defense. Movant appeals.

## II. DISCUSSION

### A. The Timeliness of Movant's Amended Rule 29.15 Motion

Before addressing the merits of Movant's appeal, we are compelled under *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015) to first determine whether Movant's amended Rule 29.15 motion was timely filed. *Federhofer v. State*, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015). If this Court finds that an amended motion for post-conviction relief filed by appointed post-conviction was untimely, but there has been no independent inquiry into abandonment, we must remand the case to the motion court for such an inquiry. *Moore*, 458 S.W.3d at 825-26; *Federhofer*, 462 S.W.3d at 841.

4

Rule 29.15(g) governs the filing of an amended motion for post-conviction relief. The Rule provides that where, as in this case, an appeal of the judgment sought to be vacated, set aside, or corrected is taken:

> the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Rule 29.15(g).

Here, post-conviction counsel was appointed to represent Movant on August 6, 2012, after the mandate in Movant's appeal issued. Accordingly, pursuant to Rule 29.15(g), Movant's amended Rule 29.15 motion for post-conviction relief was initially due on or before October 5, 2012. Post-conviction counsel filed a request for a thirty-day extension of time pursuant to Rule 29.15(g), which the trial court granted. Therefore, Movant's amended Rule 29.15 motion was due on or before November 5, 2012.[3]

The file stamp on Movant's amended Rule 29.15 motion shows the motion was filed on November 5, 2012; however, the docket sheet reflects Movant's amended motion was not filed until June 20, 2014. There is no explanation in the record on appeal for this discrepancy. Nevertheless, since the file stamp shows Movant's amended Rule 29.15 motion was filed on the date it was due, we conclude the motion was timely filed. *See Bank of America, N.A. v. Duff*, 422 S.W.3d 515, 519 (Mo. App. E.D. 2014) (concluding a motion for new trial was timely filed when the file stamp showed the motion was filed on the date it was due, even though the docket sheet reflected the motion was filed at a later date); *see also O'Neill v. O'Neill*, 460 S.W.3d 51,

---

[3] While thirty days from the date Movant's amended motion was initially due was November 4, 2012, the motion was not due until the next day because November 4 was a Sunday. *See* Rule 44.01(a).

57 (Mo. App. E.D. 2015) ("a pleading filed on the date that it is due is timely"). Therefore, we proceed to the merits of Movant's appeal.

## B.      The Merits of Movant's Appeal

In his sole point on appeal, Movant asserts the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing on his claim of ineffective assistance of trial counsel. Movant specifically contends his trial counsel was ineffective for failing to call three of Movant's siblings, Dolores Brown, Marilyn Dunn, and Ernest Hayes, as witnesses at trial.

### 1.      Standard of Review and General Law

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine if the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Martin v. State*, 386 S.W.3d 179, 182 (Mo. App. E.D. 2012). Findings and conclusions are clearly erroneous if, after a review of the entire record, our Court is left "with a definite and firm impression that a mistake has been made." *Martin*, 386 S.W.3d at 182 (quotations omitted). In order for a movant to be entitled to an evidentiary hearing, his motion must meet three requirements, (1) the motion must allege facts, not conclusions, which, if true, would entitle the movant to relief; (2) the alleged facts must not be refuted by the underlying record; and (3) the matters complained of in the motion must have been prejudicial to the movant. *Id*. We presume the motion court's ruling on a post-conviction motion is correct. *Rutlin v. State*, 435 S.W.3d 126, 130 (Mo. App. E.D. 2014).

Courts apply the two-prong *Strickland* test in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Zink v. State*, 278 S.W.3d 170, 175-76 (Mo. banc 2009).

Under that test, a movant must demonstrate, (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) as a result, the movant was prejudiced. *Zink*, 278 S.W.3d at 175. The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong of the test. *Id*. at 176. To satisfy the second prong, the movant must show there is a reasonable probability that, but for counsel's alleged errors, the outcome of the proceedings would have been different. *Id*. Moreover, a movant must prove his claims for relief by a preponderance of the evidence. Rule 29.15(i).

### 2. Trial Counsel's Failure to Call Movant's Siblings as Witnesses

As previously stated, Movant asserts his trial counsel was ineffective for failing to call three of Movant's siblings as witnesses at trial. We disagree.

"The decision of whether to call a witness is presumptively a matter of trial strategy and ordinarily will not support a claim of ineffective assistance of counsel." *Barton v. State*, 432 S.W.3d 741, 757 (Mo. banc 2014). To warrant an evidentiary hearing on a claim that trial counsel was ineffective for failing to call a witness to testify, a movant must allege, (1) the identity of the witness; (2) what the testimony of the witness would have been; (3) that trial counsel was informed of the existence of the witness; (4) the witness was available and would have testified; and (5) the witness's testimony would have provided movant with a viable defense. *Rutlin*, 435 S.W.3d at 131.

In this case, the only issue is whether Movant's three siblings' alleged testimony would have provided Movant with a viable defense. A witness's testimony provides a movant with a viable defense when it negates an element of the crime for which the movant was convicted. *Jamerson v. State*, 410 S.W.3d 299, 302 (Mo. App. E.D. 2013). On the other hand, a witness's

7

testimony does not provide a viable defense for a movant when the testimony is cumulative to that of other witnesses or when the testimony does not establish movant did not commit the crime. *Glass v. State*, 227 S.W.3d 463, 479 (Mo. banc 2007); *Rutlin*, 435 S.W.3d at 132.

### a. Movant's Siblings' Alleged Testimony

Movant's Rule 29.15 motion alleged "[a]ll three [siblings] would have testified as to two things: (1) the contentious relationship between [Movant] and [Victim's] mother, and (2) that [Movant] left his relationship with [Victim's] mother for very long periods of time through the years they were together." As correctly found by the motion court, Movant's siblings' alleged testimony would have been cumulative to evidence presented at trial and would not have provided Movant with a viable defense.

In this case, there was testimony at trial that Movant and Victim's mother frequently fought and broke up and that Movant would move out of the family residence for periods of time after the fights. Victim testified her mother and Movant were "always breaking up" and "[f]ought a lot." Victim also testified that when her mother and Movant would break up, Movant would move out of the family residence. Similarly, Victim's mother testified her relationship with Movant was unstable, they would "split up a lot of times," and when she and Movant were not together, Movant would move out of the family residence for "[a] couple of days" or "[s]ometimes a few weeks." Victim's mother also testified that a longer breakup occurred at one point during her relationship with Movant, and Movant moved to an apartment in the Baden area. In addition, Movant testified he and Victim's mother "constantly argued" and "broke up quite a bit." Movant further testified that when he and Victim's mother broke up, he would leave the family residence and live with relatives, live in a shelter, and one time he got his own apartment in the Baden area. Based on the foregoing, Movant's siblings' alleged testimony that

8

Movant and Victim's mother had a contentious relationship and that Movant left his relationship with Victim's mother for very long periods of time would have been cumulative to the testimony of Victim, Victim's mother, and Movant which was presented at trial.

Moreover, even assuming *arguendo* that Movant's siblings' alleged testimony was somehow not cumulative to that of other witnesses, the testimony would not have established that Movant did not commit the sexual offenses underlying his ten convictions at issue in this case. There was ample evidence presented at trial that regardless of the nature of Movant's and Victim's mother's relationship or how long Movant would move out of the family residence when they were not together, Movant had the opportunity to commit the sexual offenses against Victim. Victim testified the sexual assaults occurred at the two family residences on Royal Drive and Lotus Street and at Movant's apartment. Victim's mother frequently worked and was not at the family residence when Victim came home from school whereas Movant, who did not work most of the time, would usually be at the family residence when Victim came home from school. Additionally, when Movant moved to an apartment in the Baden area when he and Victim's mother had a longer breakup, Victim and her mother moved into the apartment with Movant for about a week. Other times, Victim would go to Movant's apartment to visit him and would sometimes spend the night there.

Because Movant's siblings' alleged testimony would have been cumulative to that of other witnesses and would not have established Movant did not commit the sexual offenses against Victim, the testimony would not have provided Movant with a viable defense. *Glass*, 227 S.W.3d at 479; *Rutlin*, 435 S.W.3d at 132.

9

### b. Movant's Contention that his Siblings' Alleged Testimony Would Have Helped Movant's Defense

Movant also alleged in his Rule 29.15 motion that his defense at trial was Victim made up the allegations against Movant because Victim was in trouble with her mother for coming home with a hickey. Movant contends his siblings' alleged testimony, set out above in Section II.B.2.a., would have helped his defense because, (1) "the jury would have understood [Victim's] mother's personality, and that would have explained why [Victim] would have [lied about the sexual assaults]"; and (2) "[t]he witnesses would have made it clear that [Movant] was not in the home with [Victim] on a regular enough basis to have habitually molested her." We find these allegations are conclusions about Movant's siblings' testimony which do not entitle Movant to relief. *See Martin*, 386 S.W.3d at 182 (in order for a movant to be entitled to an evidentiary hearing on a Rule 29.15 motion, his motion must, *inter alia*, allege facts, *not conclusions*, which, if true, would entitle the movant to relief); *see also Rutlin*, 435 S.W.3d at 131 ("[a]n evidentiary hearing is not a means by which to provide movant with an opportunity to produce facts not alleged in the motion") (quotations omitted). There are no allegations in Movant's Rule 29.15 motion that Movant's siblings would have testified they had first-hand or direct knowledge that Victim had lied about the sexual assaults, that Movant did not commit the sexual offenses underlying his ten convictions at issue in this case, or demonstrating that any elements of the offenses were negated. In other words, there are no allegations of facts in Movant's Rule 29.15 motion which, if true, would have provided Movant with a viable defense. *See id.* at 132; *Jamerson*, 410 S.W.3d at 302.

### c. Conclusion

Based on the foregoing, Movant's Rule 29.15 motion did not allege facts establishing his siblings' alleged testimony would have provided Movant with a viable defense. Accordingly,

the motion court did not clearly err in denying Movant an evidentiary hearing on his claim that trial counsel was ineffective for failing to call Movant's siblings as witnesses. *Rutlin*, 435 S.W.3d at 131. Point denied.

### III. CONCLUSION

The judgment of the motion court denying Movant's Rule 29.15 motion for post-conviction relief without an evidentiary hearing is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.