

# In the Missouri Court of Appeals
## Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| JUSTIN BONDS, | ) | No. ED112879 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | Cause No. 2122-CC08914 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Respondent. | ) | Filed: July 29, 2025 |

**Introduction**

Justin Bonds ("Movant") appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing.[1] In his sole point on appeal, Movant claims the motion court clearly erred because his trial counsel ("Counsel") failed to call a material witness ("C.T.") to testify at trial to provide Movant with a viable defense, and but for Counsel's ineffectiveness, Movant would have been acquitted.

Because Counsel's decision not to call C.T. to testify was reasonable trial strategy and Movant cannot demonstrate prejudice from Counsel's decision, Point I is denied. The motion court's judgment is affirmed.

---

[1] All Rule citations are to the Missouri Supreme Court Rules 2021.

**Factual and Procedural Background**

In August 2015, A.W. ("Victim") spent a weekend in St. Louis with her friend, C.T., who lived in an apartment with her boyfriend, V.B. While visiting, Victim met V.B.'s friend, Movant. On Friday, Victim and Movant spent the night at the couple's apartment and slept on the same futon together outside the couple's bedroom. Movant made sexual advances toward Victim, but Victim rejected Movant, and they both fell asleep.

On Saturday, Victim and Movant again spent the night at the couple's apartment and again slept on the same futon. Early Sunday morning, Movant again made sexual advances toward Victim. Movant moved Victim's shorts to the side and attempted to insert his penis into Victim's vagina. Victim, who was exhausted and heavily intoxicated, responded, "No, no, no," and pushed Movant away. The last thing Victim remembered before falling asleep was Movant attempting to insert his penis into her vagina.

When C.T. awoke to use the restroom, she walked out of her bedroom and observed Victim lying on the futon face down and motionless. C.T. observed Movant behind Victim in a "doggy-style" sexual position, pinning Victim's hands behind her. C.T. stated it "looked like some sexual action was taking place."

Later Sunday morning, Victim awoke and noticed an "irritable" feeling in her vagina. Victim described it as "burning" and "chafey [sic]," and "like . . . I had sex, but I hadn't agreed to have sex." When Victim stood up, she felt a "specimen" run down her leg. She noticed Movant had left the apartment and blocked her on social media. Victim became upset and stated she "d[id]n't feel right." That evening, Victim went to the hospital where a rape kit was performed on her. She had four swab samples taken, two from the inside and two from the outside of her vagina. Victim reported the incident to the police, who retrieved an oral swab from Movant. Victim

2

identified Movant in a photo lineup. The DNA analysis of samples from the rape kit and from Victim's shorts tested positive for Movant's DNA.

The State charged Movant with second-degree rape. At his jury trial, Movant testified Victim flirted with him and offered to let him sleep on the futon with her, and he felt she was "warming up" to him because she held his hand. Movant claimed he believed Victim would be receptive to his sexual advances, so he attempted to put his penis in her vagina. When Victim rejected him, Movant testified he stopped his sexual advances, moved off of her, and fell asleep. Movant stated he experienced premature ejaculation during the incident.

The jury found Movant guilty of second-degree rape. During his sentencing hearing, Movant testified he told Counsel the names of all potential witnesses and discussed what they might say. Movant also testified Counsel did not call C.T. as a witness against Movant's wishes. The circuit court sentenced Movant to seven years' imprisonment. Movant appealed his conviction and sentence, which this Court affirmed. *State v. Bonds*, 620 S.W.3d 127 (Mo. App. E.D. 2021).

Movant timely filed his *pro se* Rule 29.15 motion. The motion court appointed counsel who timely filed an amended motion and requested an evidentiary hearing. Movant's amended motion alleged Counsel was ineffective because he did not exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances by declining to call C.T. to testify on his behalf.[2] Movant asserted he wanted C.T. to testify so Counsel could question her about a video he provided to Counsel in which C.T. implied Victim lied about the rape. In the video, V.B. asked C.T why she was supporting Victim. C.T. responded, "So. Men lie." Movant claimed C.T.'s testimony would reveal Victim told C.T. she fabricated the rape allegation because she was upset Movant blocked her on social media, which would aid Movant's defense. Last,

---

[2] Movant's amended motion also claimed Counsel was ineffective for failing to call two other potential witnesses and for failing to cross-examine Victim. The motion court denied these claims, and Movant does not raise them on appeal.

Movant contended he was prejudiced because had C.T. testified, there is a reasonable probability he would have been acquitted.

At the evidentiary hearing, Movant testified he informed Counsel he wanted C.T. to testify at trial because the video implied "this whole thing was made up." Counsel testified he considered calling C.T. as a witness and summoned her to trial. C.T. appeared at trial and was willing to testify. However, based on C.T.'s statements describing her eyewitness account of the incident in the police report, Counsel feared her testimony on cross-examination could sound violent and demonstrate Movant had the opportunity to rape Victim. Counsel explained he and Movant discussed their options and made the mutual decision not to call C.T. as a witness to avoid the potential of her testimony harming Movant's defense, especially considering Movant would be vouching for her by calling her as a witness on his behalf. C.T. testified she was "messing around" in the video and "thought this was all a joke." When the video was recorded, she had not spoken to Victim and did not know she had filed a police report.

The motion court issued its findings of facts and conclusions of law denying Movant's Rule 29.15 motion, concluding he did not show Counsel was ineffective for failing to call C.T. to testify as a witness.

This appeal follows.

**Standard of Review**

"Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Hollings v. State*, 662 S.W.3d 821, 828 (Mo. App. E.D. 2023); Rule 29.15(k). A judgment is clearly erroneous when a full view of the record definitely and firmly reveals a mistake has been made. *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc 2017). This Court presumes the motion court's

4

judgment is correct. *Bozeman v. State*, 653 S.W.3d 132, 136 (Mo. App. E.D. 2022). Because the motion court has a superior opportunity to judge witness credibility, this Court defers to the motion court's credibility determinations. *Hollings*, 662 S.W.3d at 828.

To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) his counsel's performance was deficient, demonstrated by a failure to exercise the level of skill and diligence of reasonably competent counsel under similar circumstances, and (2) he was prejudiced by his counsel's deficient performance. *Bozeman*, 653 S.W.3d at 136 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984); *McIntosh v. State*, 413 S.W.3d 320, 324 (Mo. banc 2013)). A movant must satisfy both the performance prong and prejudice prong of the *Strickland* test by a preponderance of the evidence. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018).

**Discussion**

*Point I: Failure to Call a Witness*
*Party Positions*

Movant claims the motion court clearly erred in denying his post-conviction relief motion because Counsel was ineffective for failing to call C.T. to testify at trial. Movant asserts her testimony was necessary to provide Movant with a viable defense. He argues reasonably competent counsel would have called C.T. to testify, and there was no reasonable trial strategy to not call her. But for Counsel's ineffectiveness, Movant purports there is a reasonable probability he would have been acquitted.

The State contends the motion court did not clearly err in denying Movant's post-conviction relief motion because he did not prove Counsel was ineffective for failing to call C.T. to testify at trial. The State asserts Counsel engaged in reasonable trial strategy in declining to call C.T. because her testimony was likely to harm the defense. Had Counsel called C.T. as a

5

witness, the State maintains there is no reasonable probability the jury would have acquitted Movant.

*Analysis*

I. Performance Prong

To establish a claim for ineffective assistance of counsel for failure to call a witness, a movant must show (1) counsel knew or should have known of the witness's existence; (2) the witness could be located through reasonable investigation; (3) the witness would have testified; and (4) the witness's testimony would have provided a viable defense. *Hosier v. State*, 593 S.W.3d 75, 88 (Mo. banc 2019); *Hollings*, 662 S.W.3d at 829. "A witness's testimony provides a movant with a viable defense when it *negates* an element of the crime for which the movant was convicted." *Clay v. State*, 468 S.W.3d 914, 920 (Mo. App. E.D. 2015) (emphasis added). The elements of second-degree rape are: (1) the defendant had sexual intercourse with another person; (2) the other person did not consent to intercourse; and (3) the defendant knew the other person did not consent. § 566.031.1, RSMo 2016.

Here, Counsel considered calling C.T. as a witness, summoned her to trial, and C.T. appeared at trial prepared to testify. However, C.T.'s isolated statement in the video, "So. Men lie," does not negate an element of second-degree rape. The statement does not dispute sexual intercourse occurred between Movant and Victim, does not dispute Victim did not consent to the intercourse, and does not dispute Movant knew Victim did not consent. Further, at the evidentiary hearing, C.T. defended her statement by explaining she was just "messing around" and "thought this was all a joke." C.T. had not spoken to Victim and was unaware she had filed a police report. Neither the video nor C.T.'s testimony at the evidentiary hearing confirm Movant's contention

6

Victim told C.T. she fabricated the rape allegation because she was upset Movant blocked her on social media. Thus, C.T.'s testimony regarding the statement does not amount to a viable defense.

A "[m]ovant must overcome the strong presumption that trial counsel's conduct was reasonable and effective." *Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016). Reasonable trial strategy decisions cannot serve as a basis for ineffective assistance of counsel. *Hosier*, 593 S.W.3d at 81. "Counsel's decision not to call a witness is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the defendant clearly establishes otherwise." *Deck v. State*, 381 S.W.3d 339, 346 (Mo. banc 2012). Decisions made after investigation and consideration of possible strategies are virtually unchallengeable absent a showing the potential witness's testimony would unqualifiedly support the defendant. *Hosier*, 593 S.W.3d at 88; *Bozeman*, 653 S.W.3d at 136.

Here, Movant cannot overcome the strong presumption Counsel acted reasonably because C.T.'s testimony would not unqualifiedly support Movant and could harm his defense. *See Hurst v. State*, 301 S.W.3d 112, 117–18 (Mo. App. E.D. 2010) (holding trial counsel was not ineffective because he engaged in reasonable trial strategy when he failed to call a witness whose testimony could have harmed the movant's defense in a rape case). Counsel made the strategic decision not to call C.T. because her testimony could have jeopardized his trial strategy of witness credibility. C.T. witnessed Victim lying face down, motionless, with her hands pinned. She also witnessed Movant behind Victim in a "doggy-style position" and sexual action taking place. Counsel testified he reviewed the police report and feared if the State elicited this information from C.T. during cross-examination, it could suggest violence or demonstrate Movant had the opportunity to rape Victim. This information would directly contradict Movant's testimony he moved off Victim and fell asleep, thus weakening his credibility. Counsel further reasoned the potential testimony could

7

be especially damaging because Movant would be vouching for C.T. by calling her as a witness on his behalf. Considering the risk C.T.'s testimony would corroborate the State's case and undermine Movant's defense, Counsel acted reasonably in declining to call her as a witness. *Id.*

Additionally, a defendant cannot claim ineffective assistance of counsel when he knowingly and voluntarily submits to Counsel's proposed trial strategy. *Lindsey v. State*, 700 S.W.3d 636, 643 (Mo. App. W.D. 2024) (holding counsel was not ineffective when the defendant agreed to counsel's trial strategy to gain credibility with the jury and testified in accordance with the discussed strategy). At the evidentiary hearing, Counsel testified he and Movant discussed whether to call C.T. as a witness and came to the mutual decision not to call her to gain credibility with the jury. Movant did not testify to the contrary or offer evidence to refute Counsel's testimony. The motion court found the decision not to call C.T. as a witness was mutual. This Court defers to the motion court's credibility determinations. *Hollings*, 662 S.W.3d at 828. Because Movant knowingly and voluntarily submitted to Counsel's proposed strategy, he cannot now complain about Counsel's competency. *Lindsey*, 700 S.W.3d at 643.

Movant relies on *Rowland v. State*, 605 S.W.3d 125 (Mo. App. S.D. 2020), to argue Counsel mistakenly believed C.T.'s testimony would be harmful to the defense, and a mistaken belief is not reasonable trial strategy. In *Rowland*, the Southern District analyzed whether trial counsel was ineffective for failing to call a defense witness, resulting in a first-degree rape conviction. *Id.* at 127. The movant argued the witness would have testified she heard a woman laughing in the background during a phone call following the alleged offense, contradicting the victim's testimony she was not laughing and providing a reasonable probability of acquittal. *Id.* At the evidentiary hearing, trial counsel testified his reason for not investigating or calling the witness was because he "got the idea that she was very reluctant" and she "would not have recalled [the

phone call]." *Id*. at 131. The witness testified, however, she would have testified at trial had she been subpoenaed and called, and the motion court found her testimony would have corroborated the movant's testimony on the crucial, disputed issue of whether the victim gave consent. *Id*. at 128, 132. The Court affirmed the motion court's grant of post-conviction relief, deferring to the motion court's determination the failure to call a witness based on a potentially mistaken belief regarding her ability and willingness to testify was not reasonable trial strategy. *Id*. at 132.

This case is distinguishable from *Rowland* in three ways. First, in *Rowland*, the witness's testimony would have provided a viable defense because it would have directly contradicted the victim's testimony, undermining the victim's credibility regarding consent. Here, as discussed, C.T.'s testimony would not provide a viable defense. Second, in *Rowland*, trial counsel did not investigate or subpoena the witness because she *might* have been reluctant to testify. Here, Counsel investigated and subpoenaed C.T. but ultimately decided not to call her because he believed her testimony would have harmed Movant's defense. Last, in *Rowland*, there was no indication the movant agreed with trial counsel's decision not to call the witness. Here, Movant and Counsel mutually agreed not to call C.T. to testify. Movant's reliance on *Rowland* is misplaced.

Counsel acted as a reasonably competent attorney in making the strategic decision not to call C.T. as a witness because her testimony would not have provided a viable defense and could have harmed Movant's case. Additionally, Movant agreed with this decision at the time of his trial. Movant fails to satisfy *Strickland*'s performance prong by a preponderance of the evidence. Thus, the motion court did not clearly err in denying Movant's motion for post-conviction relief.

## II. Prejudice Prong

Prejudice exists when there is a reasonable probability but for counsel's ineffectiveness, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 669; *Hosier*, 593

S.W.3d at 81. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669.

Movant has not shown there is a reasonable probability the jury would have acquitted him had C.T. testified. In fact, there is a greater probability C.T.'s testimony would have weakened Movant's defense and strengthened the State's case, solidifying the guilty verdict. C.T.'s statement, "So. Men lie," in the video would carry little weight at trial given her clarification she was "messing around." Conversely, C.T.'s detailed eyewitness account of the event would damage Movant's defense, especially given Movant would be vouching for her by calling her to testify on his behalf. C.T.'s potential testimony Movant was behind Victim in a "doggy-style position," Victim was face down and motionless with her hands pinned behind her, and it "looked like some sexual action was taking place," undermines his defense by discrediting his testimony he stopped the sexual advances, moved off Victim, and fell asleep. Given all the evidence, C.T.'s isolated comment in the video does not create a probability sufficient to undermine this Court's confidence in the guilty verdict.

Movant fails to satisfy *Strickland*'s prejudice prong by a preponderance of the evidence. Accordingly, the motion court did not clearly err in denying Movant's Rule 29.15 motion because Counsel's trial strategy was objectively reasonable and Movant did not prove he was prejudiced. Point I is denied.

### Conclusion

The motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Michael S. Wright, P.J. and
Virginia W. Lay, J. concur.

10